# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Sergio Ochoa-Alapisco,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 14-378(2) ADM/LIB

___

Benjamin Bejar, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Sergio Ochoa-Alapisco, pro se.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Sergio Ochoa-Alapisco's ("Ochoa-Alapisco") Motion to Reduce Sentence [Docket No. 375]. Ochoa-Alapisco requests a compassionate release sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons set forth below, the Motion is denied.

## II. BACKGROUND

In July 2014, Ochoa-Alapisco was a state prison inmate serving sentences for two prior felony drug convictions. Presentence Investigation Report ("PSR") [Docket No. 229] ¶¶ 77–78. Goodhue County Sheriff's Investigators determined through jail call monitoring that he was conspiring with others inside and outside of local jail and state prison to sell and distribute methamphetamine throughout Minnesota and North Dakota. Id. ¶¶ 12–42. On February 4, 2015, Ochoa-Alapisco entered a plea of guilty to conspiracy to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Min. Entry

[Docket No. 174]; Plea Agreement [Docket No. 179]. He was sentenced on August 26, 2015, to a term of 169 months. Min. Entry [Docket No. 252]; Sentencing J. [Docket No. 253].

Ochoa-Alapisco is currently incarcerated at the federal correctional institution in Sandstone, Minnesota ("FCI Sandstone") and has completed approximately half of his sentence. Gov't Ex. [Docket No. 392] at 4. His projected release date is January 1, 2027. See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited June 7, 2021).

In December 2020, Ochoa-Alapisco tested positive for COVID-19 and recovered without complications. Gov't Ex. at 8, 10. The most current medical records provided to the Court, dated April 13, 2021, show that Ochoa-Alapisco received the first dose of the Moderna vaccine on April 6, 2021. Id. at 11.

Ochoa-Alapisco now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Ochoa-Alapisco argues that his family circumstances support his immediate release because he is needed to care for his mother, who is suffering from advanced cancer and a degenerative eye condition. Mot. at 4–5. He also argues that he is likely to contract COVID-19 in the prison environment and would be safer at home caring for his mother. Ochoa-Alapisco contends these circumstances constitute extraordinary and compelling circumstances warranting his release.

The Government opposes Ochoa-Alapisco's Motion, arguing that no extraordinary and compelling circumstances exist, and that the sentencing factors in 18 U.S.C. § 3553(a) militate against reducing Ochoa-Alapisco's sentence.

### III. DISCUSSION

**A. Legal Standard**

Generally, a "court may not modify a term of imprisonment once it has been imposed."

18 U.S.C. § 3582(c). One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement addressing sentence reductions under § 3582(c)(1)(A) defines "extraordinary and compelling" reasons to include serious medical conditions or cognitive impairments "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 comment n.1(A)(ii). "Extraordinary and compelling reasons" also include the age of the defendant, as well as family circumstances in which the caregiver of the defendant's minor children has died or become incapacitated, or where the defendant's spouse or registered partner is incapacitated and the defendant is the only available caregiver. U.S.S.G. § 1B1.13 comment n.1(C). A catch-all provision also exists for other reasons that the Director of the Bureau of Prisons determines to be extraordinary or compelling. U.S.S.G. § 1B1.13 comment n.1(D). The policy statement further requires the court to determine that "[t]he defendant is not a danger to the safety of any other person or to the community" before a sentence reduction may be granted under § 3582(c)(1)(A). U.S.S.G. § 1B1.13(2).

The policy statement refers only to compassionate release motions filed by the "Director of the Bureau of Prisons," and has not been updated to reflect that, with the passage of the 2018

3

First Step Act, defendants are now allowed to file such motions directly. See U.S.S.G. § 1B1.13 comment n.4; First Step Act, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018). The Eighth Circuit has not decided whether the policy statement embodied in U.S.S.G. § 1B1.13 applies to compassionate release motions filed by defendants. United States v. Gater, No. 20-2158, 2021 WL 2069968, at *2 (8th Cir. May 24, 2021). Most of the circuit courts to have considered the issue have held that § 1B1.13 is not an applicable policy statement for defendant-initiated motions. See United States v. Shkambi, 993 F.3d 388, 392–93 (5th Cir. 2021); United States v. Aruda, 993 F.3d 797, 800–02 (9th Cir. 2021); United States v. McGee, 992 F.3d 1035, 1050–51 (10th Cir. 2021); United States v. McCoy, 981 F.3d 271, 281–84 (4th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020); United States v. Jones, 980 F.3d 1098, 1109 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 234–37 (2d Cir. 2020); but see United States v. Bryant, 996 F.3d 1243 (11th Cir. 2021) (holding that "1B1.13 is still an applicable policy statement for a Section 3582(c)(1)(A) motion, no matter who files it").

Given the weight of this non-binding circuit court precedent, the Court will not treat U.S.S.G. § 1B1.13 as binding on Ochoa-Alapisco's motion, but will consider the policy statement as guidance for exercising its discretion under § 3582(c)(1)(A). See United States v. Rodriguez, No. 15-CR-254 (PJS), 2021 WL 1187149, at *1 (D. Minn. Mar. 30, 2021) ("In the absence of clarification from the Eighth Circuit, the Court will treat § 1B1.13 as providing useful guidance about how the Court should exercise its discretion under § 3582(c)(1)(A), but the Court will not treat its provisions as binding.").

A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring

4

a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

**B. Analysis**

The parties agree that Ochoa-Alapisco has satisfied the exhaustion requirement by filing a request for release with the Warden of his facility that was denied on September 30, 2020. See Mot. at 1; Gov't Resp. Opp'n [Docket No. 391] at 8 n.3; Gov't Ex. at 6. His Motion is therefore ripe for review.

Ochoa-Alapisco's desire to care for his ailing mother is not an extraordinary and compelling reason to reduce his sentence. While the Court is sympathetic to the challenges faced by Ochoa-Alapisco's mother, "[m]any, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary." United States v. Ingram, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019). Additionally, the record suggests that other family members are available to care for and support Ochoa-Alapisco's mother. She lives with her adult-aged granddaughter and receives additional support from the granddaughter's boyfriend. Am. Compass. Release Investig. [Docket No. 380]. Ochoa-Alapisco also has a sister who serves as a translator for their mother. Id. Should family or friends become unable to assist Ochoa-Alapisco's mother, she will need to rely on community resources to meet her needs for care.

Ochoa-Alapisco also argues that the prison environment places him at risk of becoming reinfected with COVID-19. However, any risk to Ochoa-Alapisco has been substantially reduced because he received a first dose of the Moderna vaccine in April 2021 and is likely now fully vaccinated. Ochoa-Alapisco's vaccination provides him with significant protection against

severe illness or death from COVID-19 should he become reinfected.[1]  As a result, Ochoa-Alapisco's health concerns do not constitute extraordinary and compelling reasons warranting a sentence reduction.  See Rodriguez, 2021 WL 1187149, at *1 (finding no extraordinary and compelling reasons, despite defendant's medical conditions, because defendant "is or will soon be fully vaccinated against COVID-19"); United States v. Williams, No. CR 16-251 (DWF), 2021 WL 1087692, at *3 (D. Minn. Mar. 22, 2021) (denying compassionate release because "any risk that [defendant] will be reinfected with COVID-19 is largely mitigated by the fact that he has been fully vaccinated against the virus").

In addition to his vaccination, Ochoa-Alapisco's successful recovery after a positive COVID-19 test in December 2020 provides him with some natural immunity and lessens his risk of re-infection.  The CDC states that "[c]ases of reinfection with COVID-19 have been reported, but remain rare."  CDC, Reinfection with COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited June 7, 2021).  Thus, Ochoa-Alapisco's prior infection is an additional basis for concluding that his health concerns are not extraordinary and compelling.  See Rodriguez, 2021 WL 1187149, at *2 (denying compassionate release where defendant was previously infected with COVID-19, had recovered, and was vaccinated); Williams, 2021 WL 1087692, at *3 (same).

Even if Ochoa-Alapisco could show extraordinary and compelling circumstances, the Motion would be denied because the sentencing factors in § 3553(a) weigh against his release.  These factors include "the nature and circumstances of the offense" and "the need for the

---

[1] The Federal Drug Administration ("FDA") has determined that the Moderna vaccine is 94% effective in preventing COVID-19.  See FDA Emergency Use Authorization Letter, https://www.fda.gov/media/144636/download (last visited June 7, 2021).

sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

The nature and circumstances of the offense warrant a sentence of 169 months, even when considering Ochoa-Alapisco's family circumstances and the pandemic. Not only did Ochoa-Alapisco participate in a drug trafficking conspiracy involving large quantities of methamphetamine, he did so while incarcerated in state prison for two prior felony drug convictions. Releasing Ochoa-Alapisco after he has served approximately one half of his sentence would detract from the seriousness of the offense, diminish respect for the law, and afford inadequate deterrence for the crime committed.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Sergio Ochoa-Alapisco's Motion to Reduce Sentence [Docket No. 375] is **DENIED**.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  June 7, 2021