UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.

Sergio Ochoa-Alapisco,

       Defendant.

MEMORANDUM OPINION
AND ORDER
Criminal No. 14-378(2) ADM/LIB

Sergio Ochoa-Alapisco, pro se.

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Sergio Ochoa-Alapisco's ("Ochoa-Alapisco") Motion to Reduce Term of Imprisonment [Docket No. 398] pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the Motion is denied.

## II. BACKGROUND

On August 26, 2015, Ochoa-Alapisco was sentenced to a term of 169 months for conspiracy to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Min. Entry [Docket No. 252]; Sentencing J. [Docket No. 253]. Ochoa-Alapisco committed the offense while he was a state prison inmate serving sentences for two prior felony drug convictions. Presentence Investigation Report ("PSR") [Docket No. 229] ¶¶ 77–78.

Ochoa-Alapisco is currently incarcerated at the federal correctional institution in Sandstone, Minnesota ("FCI Sandstone") and has completed approximately half of his sentence.

Gov't Ex. [Docket No. 392] at 4.  His projected release date is January 1, 2027.  See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Aug. 3, 2021).

This is Ochoa-Alapisco's second motion for a compassionate release sentence reduction. In his first motion, Ochoa-Alapisco sought immediate release from prison based on his desire to care for his ailing mother and his fear that he would contract COVID-19 in the prison environment.  The Court denied the motion, holding that Ochoa-Alapisco had not shown extraordinary and compelling reasons for his release.  See Mem. Op. Order [Docket No. 397] at 5–6.  The Court found that many inmates have sick or aging parents and that these circumstances are not extraordinary.  Id. at 5.  The Court further found that Ochoa-Alapisco's vaccination against COVID-19 provided him with significant protection against severe illness or death from the virus.  Id. at 5–6.

Additionally, the Court held that the sentencing factors in § 3553(a) weighed against Ochoa-Alapisco's release and that "[t]he nature and circumstances of the offense warrant a sentence of 169 months, even when considering Ochoa-Alapisco's family circumstances and the pandemic.  Not only did Ochoa-Alapisco participate in a drug trafficking conspiracy involving large quantities of methamphetamine, he did so while incarcerated in state prison for two prior felony drug convictions."  Id. at 7.

Ochoa-Alapisco has now filed this second motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).  He argues that his sentence should be reduced by 14 months because the prison conditions at FCI Sandstone have been unduly harsh since April 1, 2020, when FCI Sandstone modified its operations in an effort to safeguard prisoners against COVID-19 infection.  Ochoa-Alapisco contends that the modified operations included the following

restrictions:  fewer than 90 minutes of outdoor exercise per week, no rehabilitative programming, no opportunities to attend religious services, and almost no visitation.  He argues that had the Court known at sentencing that Ochoa-Alapisco would be subjected to these restrictions and required to live in a crowded dormitory setting during the pandemic, the Court would have imposed a shorter sentence.  Ochoa-Alapisco "does not ask the Court to grant him immediate release." Mot. at 10.  Rather, he requests that his remaining term of imprisonment be reduced by 14 months to account for the difficult living conditions he has faced during the COVID-19 pandemic.  Id. at 11.

### III.  DISCUSSION

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A).  Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Ochoa-Alapisco has satisfied the exhaustion requirement by filing a request for release with the Warden of his facility.  The request was denied on June 4, 2021.  See Pro Se Ex. [Docket No.

3

399]. His Motion is therefore ripe for review.

The Court recognizes that the COVID-19 pandemic has made prison conditions more difficult than usual for most inmates. However, Ochoa-Alapisco has not shown that the restrictions have affected him in any unique way that would cause his circumstances to be extraordinary and compelling. Additionally, the conditions under which Ochoa-Alapisco is serving his sentence do not alter the Court's earlier conclusion that the nature and circumstances of Ochoa-Alapisco's crime warrant a sentence of 169 months.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Sergio Ochoa-Alapisco's Motion to Reduce Term of Imprisonment [Docket No. 398] is **DENIED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  August 3, 2021